UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| BUZZBALLZ, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MPL BRANDS NV, INC,<br><br>　　　　Defendant. | Case No.  25-mc-80351-EKL   (RMI)<br><br>**ORDER ON DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 43 |

Before the court is a joint letter brief (dkt. 43) filed by Patco and Sazerac. The letter brief represents a motion to compel by Patco related to the Subpoenas at issue in this matter, which the court grants in part and denies in part as follows.

As to Requests Nos. 2-5, Sazerac asserts that it "does not possess any nonprivileged documents analyzing the value of BuzzBallz's intellectual property ("IP") assets." (*Id.* at 4.) Further, Sazerac states that Patco has "clarified that it does not seek valuations of BuzzBallz's tangible assets" and that instead it seeks market valuations, and that

> [t]o the extent that documents reflecting Sazerac's assessment of BuzzBallz's market value exist, those documents have been produced, including the 27-page confidential *BuzzBallz Consumer Profile*. (*See S*azerac_0000179.) That document, provided to Sazerac, analyzes BuzzBallz's consumer demographics, growth model, distribution network, brand investment, organizational structure, and financial summary, and reflects an assessment of BuzzBallz's position and value in the market.

(*Id.*) Based on the relevance foundation for these Requests put forth by Patco and the needs of this case, the court finds that the documents already produced, Sazerac's representations, and the possible production and/or representations of the documents identified by Patco in the "production to date" section of this brief, would be sufficient responses to the Subpoena requests. Including the

consumer profile, Patco already has received 185 documents responsive to the Subpoena and has the unredacted Membership Interest Purchase Agreement, produced by Buzzballs. Moreover, there appears to be more production forthcoming based on the documents identified by Patco on January 9, 2026. (Dkt. 43, at 3.) As to those requests, Sazerac is instructed to continue its review and the parties shall continue their meet and confer sessions, so long as the process is finalized by January 29, 2026. Assuming those documents are produced, or their non-existence confirmed, the court would consider the issue of these Subpoena Requests closed.

As to the issue of communication documents between Sazerac and Arlington Capital Advisors prior to December 4, 2023, Sazerac explains "that (a) it conducted a search for communications with Arlington responsive to Request No. 1, (b) it reviewed those communications, and (c) it produced the responsive, nonprivileged ones. Sazerac did not place a 'December 4, 2023' temporal limitation on its search." (*Id*. at 5.) As to Patco's temporal complaints with respect to Requests Nos. 2-5, in light of the court finding that the above production is sufficient under the Subpoena, this argument/request is moot.

I**T IS SO ORDERED.**

Dated: January 15, 2026

_____
ROBERT M. ILLMAN
United States Magistrate Judge

2